UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARBARA HACK,<br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF TOPEKA, KANSAS,<br>　　　　　Defendant. | Case Number 23-2410 |

**COMPLAINT**

Plaintiff Barbara Hack ("Plaintiff"), for her claims and causes of action against Defendant City of Topeka ("Topeka") or ("Defendant") states and alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff was, at all times relevant to this Complaint, an employee of the Topeka Fire Department in Topeka, Kansas and a Kansas resident.

2. Defendant Topeka is a municipality in Kansas and an employer within the meaning of Title VII of the 1964 Civil Rights Act, 42 U.S.C. Section 2000e, et seq., ("Title VII").

3. The court has jurisdiction over this action, which includes claims arising under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 (42 U.S.C. § 2000e, *et seq*.) ("Title VII"), pursuant to 28 U.S.C. § 1331.

1

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of Kansas and a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Kansas.

5. Plaintiff filed a Charge of Discrimination with the Kansas Human Rights Commission and Equal Employment Opportunity Commission ("EEOC") on July 29, 2022, regarding the Topeka Fire Department's denial of her promotion on the basis of her gender in March 2022.

6. The EEOC issued a Notice of Right to Sue on August 29, 2023. This lawsuit is filed within 90 days of the issuance of the Notice of Right to Sue.

## FACTUAL BACKGROUND

7. Plaintiff was employed by the Topeka Fire Department for 24 years.

8. Plaintiff most recently served as a Captain in the Topeka Fire Department.

9. Throughout the course of her employment, Plaintiff applied for multiple promotions.

10. In March 2022, the Topeka Fire Department posted openings for four chief level positions.

11. The positions open included the Chief of Administration, Fire Marshal, Chief of Operations, and Chief of EMS/Training.

12. According to the job posting, both the Chief of Administration and Fire Marshal positions required that "Applicants must hold the minimum rank of Captain for a minimum of two (2) years as well as twenty (20) years of firefighting experience."

13. Plaintiff applied for both the Chief of Administration and Fire Marshal positions.

14. Plaintiff met the minimum qualifications of both the Fire Marshal and Chief of Administration positions. At the time Plaintiff applied for both positions, she possessed 24 years of firefighting experience with the Topeka Fire Department and had been a Captain for more than two years.

15. In April 2022, Plaintiff interviewed for both the Chief of Administration and Fire Marshal positions.

16. After interviewing, Plaintiff was notified she would not receive an offer for either position.

17. Plaintiff later learned that Alan Stahl, a white male, was offered the position of Fire Marshal.

18. Stahl did not meet the minimum requirements for the position of Fire Marshal as he was not a Captain.

19. Plaintiff was more qualified than Stahl for the position of Fire Marshal, because she met the requirement of having served as a Captain for a minimum of two years, she has more education, she has supervisory experience that Stahl did not have,

3

and she had served on the ranks for a longer period of time; whereas, upon information and belief, Stahl had never been an officer, had never supervised other people, spent very little time "riding the trucks," and was not able to maintain his certifications to remain in inspections and investigations.

20. In addition, Stahl has a reputation for being hot-headed and, in fact, became overtly angry when he found out the Fire Marshal position required a minimum of two years' experience as a Captain, which he did not have when he applied for the position.

21. Plaintiff further learned that Chuck Gatewood, a white male, was offered the position of Chief of Administration. Gatewood had not even applied for the position of Chief of Administration.

22. The panel that interviewed Plaintiff for the Fire Marshal and Chief of Administration positions included only white men. These individuals included a friend of the Fire Chief's father, against whom Kansas City Fire Department employees lodged complaints of discrimination, and the former attorney for the IAFF Local 83 Topeka Professional Firefighters Union.

23. Topeka Fire Chief Randall Phillips made the final decision on hiring the Fire Marshal and Chief of Administration.

24. Plaintiff was denied a promotion to the above administrative positions she applied for due to her gender.

25. While Hack worked at the Topeka Fire Department, she heard many people say that it is a "good ole boys club" and that women should not expect to be promoted above the level of shift commander. In addition, Topeka Fire Chief Randall Phillips has a reputation of perpetuating the "good ole boys club."

26. Plaintiff has been forced to share locker rooms with men at the Department.

27. Plaintiff has been called a "fucking cunt" by a male co-worker while working for the Topeka Fire Department.

28. Other women at the Department have been sexually harassed by male co-workers.

29. Plaintiff has applied for other promotions over the years, which have been given to other less qualified white males.

30. In 2013, Plaintiff applied for an inspection position, for which she qualified. That position was given to a white male.

31. In 2015, she applied for the open Public Education Officer position, for which she met the listed qualifications. The position was given to a white male who did not meet the minimum qualifications for the position, because he did not have the required minimum of five-years of firefighting experience. In addition, the job posting stated that officers would get priority selection for the position. However, the person

that was chosen for the Public Education Officer position at that time was not an officer, but Plaintiff was.

32. Plaintiff filed a grievance regarding her denial of a promotion to the Public Education Officer position in 2015. At that time, now-Chief Randall Phillips was the Union President and made the comment at a union meeting that "if we were not getting tied up with all these frivolous grievance issues, the union wouldn't be paying so much on attorney fees."

33. In 2018, Plaintiff applied for a position as an inspector, which had two openings and for which she qualified. Both open positions were given to white males.

34. On information and belief, there has not been a woman who has served in a Topeka Fire Department administrative position for several decades, despite there being many women who qualified for positions in administration.

35. After not receiving a promotion to an administrative position, Plaintiff was forced out of the Topeka Fire Department on April 1, 2023.

**COUNT I – GENDER DISCRIMINATION IN VIOLATION OF TITLE VII**

36. Plaintiff incorporates by reference each of the paragraphs set forth above as though fully set forth herein.

37. Defendant discriminated against Plaintiff by failing to promote her on the basis of her gender or sex. Plaintiff's gender was a motivating factor in Defendant's

failure to promote Plaintiff even though Plaintiff was more qualified for the positions than the male employees who were promoted.

38. Defendant has engaged in a pattern and practice of gender discrimination.

39. As a direct and proximate cause of Defendant Topeka's discrimination, Plaintiff has incurred and will continue to incur damages, including but not limited to past and future lost wages and benefits, and emotional distress.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant, for a finding that she has been subjected to unlawful discrimination as prohibited by Title VII; for an award of economic damages, including, but not limited to back pay, lost benefits, and front pay, injunctive relief, compensatory, punitive damages, costs incurred herein, reasonable attorneys' fees, and for such other and further relief as this Court deems just, proper, and equitable.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable in this Complaint.

Respectfully submitted,

STEVENS & BRAND, LLP

/s/ *Whitney L. Casement*
Whitney L. Casement, #25466
4848 SW 21st Street, Suite 201
Topeka, KS 66604

7

Tel: 785-408-8000  
Fax: 785-408-8003  
wcasement@stevensbrand.com  
*Counsel for Plaintiff Barbara Hack*