UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARBARA HACK,

    Plaintiff,

v.

CITY OF TOPEKA, KANSAS,

    Defendant.

Case No. 23-2410-JAR-GEB

## MEMORANDUM AND ORDER

On **October 16, 2024**, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a Pretrial Conference with the parties. Plaintiff Barbara Hack appeared through counsel Whitney L. Casement, by video conference. Defendant City of Topeka appeared through counsel Terelle Mock and Crystal Moe by video conference. The Court considered (1) Defendant's Motion and Memorandum in Support to Determine Topeka as the Place of Trial (ECF No. 45); (2) Plaintiff's Response to Motion and Memorandum in Support to Determine Topeka as the Place of Trial (ECF No. 47); and (3) Defendant's Reply in Support of Defendant's Motion to Determine Topeka as the Place of Trial (ECF No. 49).

After reviewing the written briefs and hearing arguments from counsel discussing the same, the Court **GRANTED** Defendant's Motion **(ECF No. 45)** during the Pretrial Conference. The previously announced ruling of the Court is now memorialized below.

I.      **Nature of Case**[1]

This is an employment discrimination case involving a claim of gender discrimination in violation of Title VII. The Plaintiff was employed with the Topeka Fire Department for 24 years. In March 2022, the Topeka Fire Department posted openings for four Chief level positions. Plaintiff applied, and met the minimum qualifications, for both the Fire Marshal and Chief of Administration positions. After the interview process, all named division chiefs were male. Plaintiff retired from the Topeka Fire Department on March 31, 2023.

II.     **Applicable law**

The relevant factors to consider in determining the place of trial are: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.[2]

III.    **The Parties' Arguments**

Plaintiff, who resides in Topeka, Kansas originally designated Kansas City, Kansas as the place of trial. (ECF No. 1 at 7). Defendant objects and argues the trial should be held in Topeka, Kansas. Based on relevant authority in the District[3], Defendant argues

---

[1] The information in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

[2] *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991).

[3] *Stuart v. City of Topeka, Kansas*, No. 23-2021-JWB, 2024 WL 3741405, at *16–17 (D. Kan. Aug. 9, 2024); *Brown v. U.S.D. No. 501*, No. 10-1096-JTM, 2010 WL 4340267, *1 (D. Kan. Oct. 27, 2010); *Hendren v. Board of County Com'rs for Sedgwick County, Kan.*, 2010 WL 235036 (D. Kan. Jan. 15, 2010); *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007

Plaintiff's choice of forum is not given much weight where Plaintiff does not reside in their chosen forum. Also, Defendant states the majority of Plaintiff's and Defendant's witnesses reside in Topeka and the bulk of the documents that are potential evidence in this case are maintained in Topeka. Lastly, while Plaintiff contends she cannot receive a fair trial in Topeka due to publicity, Defendant argues the *Stuart* case eliminates this concern for a fair trial. In *Stuart*, Judge Broomes denied Plaintiff's designation of Kansas City for the employment discrimination trial where all other factors weighed towards Topeka and Plaintiff failed to show how the jury pool had been tainted by published articles about the Topeka Police Department and the case.[4]

Regarding the first factor, Plaintiff lives in Topeka, not Kansas City. When "the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[5] While Plaintiff argues Kansas City is approximately 61 miles away, without any real connection to Kansas City, Plaintiff's choice of forum is given reduced weight.[6]

Because the Plaintiff resides and worked in Topeka at all relevant times and because a vast majority of the fact witnesses and evidence are in Topeka, the Court finds that the second, third, and fifth factors demonstrate Topeka being the appropriate place for trial.

---

WL 1834010, *1 (D. Kan. June 26, 2007); *Spires v. Hosp. Corp of Am.*, 2006 WL 1642701 (D. Kan.).

[4] *Stuart*, No. 23-2021-JWB, 2024 WL 3741405, at *17.

[5] *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007).

[6] *Vanmeveren v. International Business Machines Corp.*, 2005 WL 3543179, *2 (D. Kan. 2005) ("a plaintiff's choice of forum receives less deference when it is not also her residence"); *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993).

Plaintiff is concerned about the fourth factor and cites recent media coverage of Topeka Fire and Police discrimination suits. (ECF No. 47 at 2-3). But the Court finds a fair trial could be obtained in Topeka. Based on the articles Plaintiff cites, the Court cannot determine how the jury pool would be tainted by September 2023 and August 2024 media coverage in a trial likely set for late 2025. Additionally, the authority in this District favors addressing potential concerns of juror bias due to media coverage in voir dire of prospective jurors.[7]

### IV. Conclusion

Taking all arguments into consideration, the Court determines Topeka, Kansas is the proper place for trial.   Based on the above, the Court **GRANTS** Defendant's request for Topeka, Kanas to be the designated place of trial.

**IT IS THEREFORE ORDERED** Topeka, Kansas shall be the designated place of trial.

Dated October 28, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
Gwynne E. Birzer
U.S. Magistrate Judge

---

[7] *Stuart*, 2024 WL 3741405 at *17; See also *Jones v. Wichita State Univ.*, No. 06-2131-KHV, 2007 WL 1173053, at *2 (D. Kan. Apr. 19, 2007).