## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BARBARA HACK,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-2410-JAR-GEB** |
| **CITY OF TOPEKA, KANSAS,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Plaintiff Barbara Hack brings this action against her former employer, the City of Topeka, Kansas, alleging gender discrimination under Title VII of the Civil Rights Act of 1964. Before the Court is Plaintiff's Motion to Consolidate (Doc. 48), seeking to consolidate this action with *Brently Dorsey v. City of Topeka*, Case No. 23-cv-02422-HLT-GEB. The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court denies Plaintiff's motion to consolidate.

### I.      Background

In this action, Plaintiff alleges a claim for gender discrimination based on a failure-to-promote theory under Title VII.[1] Plaintiff alleges she was employed by the Topeka Fire Department ("TFD") for 24 years. In 2022, she applied for two open Chief positions: Chief of Administration and Fire Marshal. She was interviewed, but not offered either position. Instead, the TFD hired two white males; Plaintiff alleges they did not meet the minimum qualifications of the job, and did not have her level of experience. Plaintiff further alleges that she was not hired for these positions due to her gender, which was in furtherance of the "good ole boys club" at the

---

[1] 42 U.S.C. § 2000e-2(a); *see* Doc. 1.

TFD during that time.  Plaintiff alleges that after not receiving a promotion, she was "forced out" of the TFD on April 1, 2023.   Plaintiff seeks damages, including back pay, front pay, lost benefits, compensatory, and punitive; injunctive relief; and reasonable attorneys' fees and costs.

Like Hack, Dorsey was a longtime TFD employee who applied for and was not hired for the Fire Marshal and Chief of Administration positions posted in 2022.[2]  And, like Hack, Dorsey claims that the TFD instead hired white applicants who were not qualified.  Dorsey alleges there was a pattern and practice of race discrimination at the TFD during his time there.  Unlike Hack, Dorsey claims discrimination based on his race and disability—he is African-American and has leukemia.  Dorsey also alleges a claim that Defendant interfered with his rights under the Family and Medical Leave Act ("FMLA").  Due to his lack of promotion, and TFD's failure to accommodate his disability, Dorsey alleges he had no choice but to retire in May 2022.  Dorsey seeks damages, including front pay, back pay, compensatory, and liquidated damages; equitable relief; and attorneys' fees and expenses.

Discovery in this case closed on September 27, 2024; it closed on October 25, 2024 in the *Dorsey* case.  But on October 4, 2024, Judge Birzer entered an order in both cases directing the parties to submit an amended proposed protective order that provides for reciprocal sharing between the two cases for relevant documents and documents to which each plaintiff consents.[3]  Then, on October 28, Judge Birzer extended the discovery deadline to December 31, 2024 in both cases, in order to facilitate discovery based on newly-produced documents.[4]  Judge Birzer also set a status conference for December 9, 2024, in both cases, and advised the parties that she intends to stagger the dispositive motions deadline between this case and the *Dorsey* case.

---

[2] *See* Dorsey v. City of Topeka, Case No. 23-2422-HLT-GEB, Doc. 1.

[3] Doc. 53; *Dorsey*, Doc. 71.

[4] Doc. 62; *Dorsey*, Doc. 79.

Plaintiff moved to consolidate these actions on September 27, 2024. Dorsey and his attorney consent to consolidation, but Defendant is opposed.

## II.      Standard

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." This Court has "substantial discretion in deciding whether and to what extent to consolidate cases."[5] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[6]

In exercising its discretion, the Court should also consider: "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate."[7] The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation.[8]

## III.     Discussion

Plaintiff moves to consolidate this action with the *Dorsey* action, including for dispositive motions and trial. Defendant opposes consolidation on the basis that it will cause Defendant prejudice, and because the *Dorsey* matter involves questions of law and fact that do not pertain to

---

[5] *Hall v. Hall*, 584 U.S. 59, 77 (2018).

[6] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383, at 35–36 (3d ed. 2008)).

[7] *Vickers v. Green Tree Servicing, LLC*, No. 15-1252-JTM-GEB, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015) (quoting *Sprint Commc'ns, LP v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012)).

[8] *Id.*

the instant action.  For the reasons explained below, the Court finds that consolidation is not warranted here given the plaintiffs' different claims and protected statuses.  The risk of prejudice to Defendant by consolidating these cases for trial outweighs any judicial efficiency that may be realized from consolidation.

First, while it is true that these cases present some common questions of fact, the Court finds that there are significantly more issues of law and fact involved in the *Dorsey* case that do not exist in this case.  The jury in *Dorsey* will be called to consider race and disability discrimination claims under Title VII and the Americans with Disabilities Act ("ADA").  The jury in *Dorsey* will also be required to consider whether the TFD failed to reasonably accommodate that plaintiff's disability,  as well as whether it interfered with his rights under the FMLA.  None of these legal claims are asserted by Plaintiff in this gender discrimination case.

There are also uncommon issues of fact.  While both plaintiffs' claims arise out of the TFD's failure to hire them for the same positions in 2022, their allegations of pattern and practice are different.  Plaintiff alleges a "good ole boys club" culture was at least partially responsible for her not getting a promotion, while Dorsey claims that he witnessed a pattern of African-American employees being treated less favorably than Caucasian employees and being promoted less often than Caucasian employees.  Dorsey also alleges detailed facts about his history of applying for certain supervisory positions, and the role that his health issues and FMLA requests played in the failure to promote him in 2022.  The Court finds that while there are certainly factual commonalities between these cases, they do not predominate, and to the extent they are different, consolidation risks confusing the issues.

The plaintiffs seek similar but different relief.  Both seek back pay, front pay, and equitable relief, but notably Plaintiff in this case seeks punitive damages, while Dorsey does not.

They both sue the City of Topeka, Kansas in its official capacity.

As Judge Birzer has already recognized, there may be some common discovery in these cases. Both cases deal with the hiring process for the same positions by the same employer in 2022. But discovery closes in both cases soon, on December 31, 2024. To the extent there is remaining relevant discovery to be produced in both cases, Judge Birzer presides in both cases, and has already directed the parties to propose an amended protective order to address document sharing. She has set both cases for status conference on December 9. Thus, even without consolidation, the parties have gained efficiencies by virtue of having a common magistrate judge who is familiar with both cases, and has been able to facilitate discovery conferences with counsel from both cases present.

The Court does not find that consolidating these cases further would produce benefits that outweigh the very real risk of prejudice to Defendant and confusion to the jury if the Court grants consolidation. The nature of each plaintiff's claims and their histories with the TFD are different. And, importantly, they belong to different protected classes. The Court finds that the risk of prejudice to Defendant in trying these cases together far outweighs any judicial efficiency that may be realized through consolidation. The Court does not rule at this time on the issue of admissibility of each plaintiff's evidence in the other plaintiff's case; however, the Court can say that allowing a trial with two plaintiffs, instead of one, each alleging different types of discrimination and claims against the same Defendant, risks confusing the jury and prejudicing Defendant.

In sum, the Court has considered the relevant factors. Plaintiff, as the moving party, has failed to show that the balance of these factors weighs in favor of consolidation; thus, the motion to consolidate is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Consolidate (Doc. 48) is **denied**.

**IT IS SO ORDERED.**

Dated: November 21, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE