IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARBARA HACK,

    Plaintiff,

    v.

CITY OF TOPEKA, KANSAS,

    Defendant.

Case No. 23-2410-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Barbara Hack brings this action against her former employer, the City of Topeka, Kansas, alleging gender discrimination under Title VII of the Civil Rights Act of 1964. Before the Court is Defendant's Objection and Motion to Review (Doc. 56), a discovery order issued by presiding Magistrate Judge Gwynne E. Birzer on October 4, 2024 ("October 4 Order").[1] The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court denies Defendant's objection and motion for review.

Judge Birzer conducted a discovery hearing on October 3, 2004.[2] The next day, she entered the following text entry only Order:

> During the Discovery Conference in case no. 23-cv-2422[,] Dorsey v. Topeka, Kansas, . . . with all counsel of record available, the Court determined, though discovery is closed, good cause is shown to require the parties to submit an amended proposed protective order to the Court no later than 10/11/2024. The amended proposed protective order shall include a reciprocal discovery sharing provision between case no. 23-cv-2422 and this matter, including all relevant documents and documents to which Plaintiff in case no. 23-cv-2422 consents to sharing.[3]

---

[1] Doc. 53.

[2] Doc. 52.

[3] Doc. 53. Judge Birzer entered a substantially similar order in the *Dorsey* case, Case No. 23-2422-HLT-GEB, Doc. 71. Defendant also filed an objection and motion for review in that case, which is still pending. *See id.*, Doc. 76. The *Dorsey* case involves the same Defendant—the City of Topeka—but a different former Topeka Fire

Defendant objects to this Order on several grounds: (1) it requires Defendant to produce certain documents from the *Dorsey* case that have been produced under protective order in that case and that Plaintiff has either not requested or are not relevant in this case; (2) discovery has closed in this case; (3) sharing provisions such as this are disfavored; (4) evidence about prior complaints of gender discrimination and positions for which Plaintiff did not apply are not relevant; and (5) evidence about discrimination outside of Plaintiff's protected class is neither relevant nor admissible.  Plaintiff responds that Judge Birzer did not order production of any documents in her October 4 Order, nor did she rule that certain documents were or were not relevant.  Instead, Judge Birzer merely ordered the parties to submit an amended protective order that allows for discovery sharing in both cases of relevant documents, and documents that the Plaintiff consents to sharing in the *Dorsey* case.  Plaintiff argues further that admissibility is not the threshold for discovery of "me too" evidence.

Fed. R. Civ. P. 72(a) allows a party to provide specific, written objections to a magistrate judge's non-dispositive order.  The Court does not conduct a de novo review, but applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or is contrary to law."[4]  The Court must affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been

---

Department employee suing for race and disability discrimination, and for interference under the Family Medical Leave Act.

[4] Fed. R. Civ. P. 72(a); *see Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997) (citations omitted).

committed."[5] A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[6]

Under this standard, Defendant's motion must be denied. Judge Birzer presumably announced detailed reasons for her ruling during the October 3 discovery hearing. But Defendant failed to request or attach a transcript of the discovery hearing for the Court's review. Instead, Defendant filed an objection to a brief text entry order that simply memorialized Judge Birzer's ruling. It is impossible for this Court to conduct a meaningful review of Judge Birzer's rulings on this bare record. Based on the language of the text entry, the Court agrees with Plaintiff that Judge Birzer did not order Defendant to produce anything; the Order simply directs the parties to submit an amended protective order that will allow them to share discovery in the *Dorsey* case. Requiring a protective order that allows for some measure of targeted discovery sharing under these circumstances is not categorically disfavored in this district or elsewhere.[7]

The Court is also disinclined to wade into the complicated admissibility issue Defendant raises—whether "me too" evidence from the *Dorsey* case would be admissible in this case and vice versa. "The Tenth Circuit has long agreed that evidence of treatment of other employees in the same protected class may be relevant to the issue of discriminatory intent."[8] The key question in determining the admissibility of "me too" evidence is "how closely related the

---

[5] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (noting that the district court will generally defer to a magistrate judge and overrule only for a clear abuse of discretion).

[6] *Walker v. Bd. of Cnty. Comm'rs*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 13, 2011) (citation omitted).

[7] *See Butler v. Daimler Trucks N. Am. LLC*, No. 19-2377-JAR, 2020 WL 128052, at *2–3 (D. Kan. Jan. 10, 2020) (collecting cases and finding support for a case-by-case approach to sharing discovery based on specific litigants' requests, as opposed to "preemptive sharing provisions" that are disfavored).

[8] *Allen v. Magic Media, Inc.*, No. 09-4139-SAC, 2011 WL 903959, at *3 (D. Kan. Mar. 15, 2011) (collecting cases).

evidence is to the plaintiff's circumstances and theory of the case."[9]  The Court leaves that decision for another day, as it is an evidentiary issue that should be addressed in that context. The October 4 Order challenged by Defendant's motion says nothing about "me too" evidence; therefore, the Court cannot find that Judge Birzer made a decision about the relevance of such evidence that is clearly erroneous or contrary to law.

In sum, Defendant cannot demonstrate on this record that Judge Birzer's October 4 Order was clearly erroneous or contrary to law.  Therefore, the Court denies Defendant's objection and motion to review.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Objection and Motion to Review (Doc. 56) is **denied**.

**IT IS SO ORDERED.**

Dated: November 21, 2024

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[9] *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).